**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LAURIE R. RAMJIT,**
            **Plaintiff,**

**-vs-**                                        **Case No.  6:12-cv-528-Orl-28DAB**

**BENCO DENTAL SUPPLY CO.,**
            **Defendant.**
_____

## ORDER

Laurie R. Ramjit ("Plaintiff") has filed a two-count First Amended Complaint against her former employer, Benco Dental Supply Co. ("Defendant").  (Doc. 3).  In the first count, Plaintiff alleges—pursuant to both Title VII of the Civil Rights Act of 1964, as amended, and the Florida Civil Rights Act ("FCRA")—that she was discriminated against based on her sex when her employment was terminated.  In the second count, Plaintiff alleges—again, under both Title VII and the FCRA—that she was terminated in retaliation for engaging in protected activity under these statutes.

The case is currently before the Court on the Partial Motion to Dismiss (Doc. 9) filed by Defendant.  Plaintiff has filed a Response (Doc. 13) to the motion, and Defendant has, with permission of the Court, (see Docs. 14 & 15), filed a Reply (Doc. 16).  As set forth below, Defendant's motion is granted in part and denied in part.

### I.  Legal Standard

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "'[D]etailed

factual allegations'" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570).

## II.  Discussion

### Count II

In Count II of the First Amended Complaint, Plaintiff alleges that "[i]n utilizing her pregnancy benefits provided by Defendant, Plaintiff was engaging or participating in protected activity within the protection of the anti-retaliation provisions of Title VII . . . and the [FCRA]." (Am. Compl. ¶ 25).  Plaintiff alleges that Defendant terminated her in direct response to her using such benefits. (Id. ¶ 26).  Defendant contends that Plaintiff's Title VII and FCRA retaliation claims in Count II should be dismissed for failure to state a claim because the alleged protected activity—"utilizing pregnancy benefits"—is not "protected activity" under these statutes.  The Court agrees.

The anti-retaliation provision of Title VII provides:

> (a) Discrimination for making charges, testifying, assisting, or participating in enforcement proceedings
>
> > It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . . because he has opposed any practice made an unlawful practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. § 2000e-3(a). The FCRA contains a similar provision. See § 760.10(7), Fla. Stat.[1] The two clauses of Title VII's anti-retaliation provision are referred to as the "participation clause" and the "opposition clause."

Defendant asserts that "utilizing pregnancy benefits" is neither protected "participation" nor protected "opposition" under these statutes. This argument is well-taken. "Utilizing pregnancy benefits" does not constitute making a charge, testifying, assisting, or participating in an investigation, proceeding, or hearing, nor does it amount to opposing an unlawful employment practice.

Plaintiff has not explained how utilizing pregnancy benefits constitutes protected activity under Title VII or the FCRA. In her Response memorandum, Plaintiff relies on Carter v. Health Management Associates, 989 So. 2d 1258 (Fla. 2d DCA 2008), but that case is not on point. In Carter, the plaintiff engaged in protected activity by filing a lawsuit alleging pregnancy discrimination, after which her employer allegedly retaliated against her. That is not the situation in the case at bar. Instead, Plaintiff seeks to state a retaliation claim based on taking of leave, but such a claim is not within the anti-retaliation provisions of Title VII or the FCRA. Accordingly, Count II shall be dismissed.

Count I

In Count I of the First Amended Complaint, Plaintiff alleges that in terminating her,

---

[1]Section 760.10(7), Florida Statutes, provides: "It is an unlawful practice for an employer . . . to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section."

"Defendant discriminated against [her] because of her sex, female, in comparison [Defendant's] more favorable treatment of her male co-workers." (Am. Compl. ¶ 21). There is no mention of pregnancy in this count at all, though there are pregnancy-related allegations elsewhere in the Amended Complaint.

Defendant argues that to the extent Plaintiff is attempting to allege pregnancy discrimination in this count, the claim should be dismissed because Plaintiff did not exhaust administrative remedies with regard to pregnancy discrimination. Additionally, Defendant asserts that to the extent Plaintiff is attempting to bring a pregnancy discrimination claim under the FCRA, the claim should be dismissed because the FCRA does not provide a cause of action for pregnancy discrimination.

Count I, as currently stated, does not allege a claim of pregnancy-based sex discrimination, but it does sufficiently state a claim of gender-based sex discrimination. Thus, arguments as to a pregnancy-based claim of discriminatory termination are premature. If Plaintiff would like to attempt to allege a claim of pregnancy-based termination in addition to her claim of gender-based termination, she is granted leave to do so. Arguments as to the propriety of any such claim may be made by motion after any such claim is filed, but such arguments will not be addressed at this time.

### III. Conclusion

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendant's Partial Motion to Dismiss (Doc. 9) is **GRANTED in part** and **DENIED in part**. The motion is **GRANTED** insofar as it pertains to Count II. The retaliation claims in Count II are **DISMISSED with prejudice** for failure to state a claim. The motion is

**DENIED** as premature insofar as it addresses pregnancy-based termination claims; no such claims have been pleaded by Plaintiff.

2.  Plaintiff may file a second amended complaint **on or before Friday, August 10, 2012**, if she wishes to allege pregnancy-based termination.

**DONE** and **ORDERED** in Chambers, Orlando, Florida this 24th day of July, 2012.

_____
JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record