# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**LAURIE R. RAMJIT,**

      **Plaintiff,**

**-vs-**               **Case No. 6:12-cv-528-Orl-28DAB**

**BENCO DENTAL SUPPLY CO.,**

      **Defendant.**

_____

# ORDER

This employment discrimination case is before the Court on Defendant's Motion to Dismiss Counts II and III of Plaintiff's Second Amended Complaint (Doc. 21).[1]  As set forth below, the motion is granted in part and denied in part.

## I. Legal Standard

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "'[D]etailed factual allegations'" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556

---

[1] Plaintiff has filed an Amended Response in Opposition (Doc. 25) to the motion, and Defendant has filed a Reply (Doc. 28) as well as a Notice of Supplemental Authority (Doc. 31).

U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570).

## II.  Factual and Procedural Background

Plaintiff was employed by Defendant from September 2005 until she was terminated on January 3, 2012—the day that she returned to work from maternity leave and approved vacation.  (Doc. 20 at 2, 4).  Defendant informed Plaintiff that she was terminated for violating Defendant's policy regarding Sun Pass use, but Plaintiff contends that this alleged reason is merely a pretext for gender and pregnancy discrimination.

In a prior Order (Doc. 19), the Court addressed the First Amended Complaint ("FAC")[2] of Plaintiff.  In the FAC (Doc. 3), Plaintiff brought two claims—one for gender discrimination under Title VII of the Civil Rights Act of 1964, as amended, and the Florida Civil Rights Act ("FCRA") and a second under those same statutes alleging retaliation for "utilizing pregnancy benefits."  Defendant argued in a prior motion to dismiss that the second count failed to state a cause of action for retaliation because Plaintiff's purported protected activity—"utilizing pregnancy benefits"—does not constitute protected participation or opposition under either Title VII or the FCRA.[3]  The Court agreed with Defendant and dismissed the retaliation count.

Defendant also argued in the prior motion to dismiss that to the extent Plaintiff was

---

[2]The FAC (Doc. 3) was filed three days after the initial Complaint (Doc. 1).

[3]Plaintiff did not assert retaliation under the Family and Medical Leave Act.

attempting to allege pregnancy discrimination in the first count, that claim should be dismissed because Plaintiff had not exhausted administrative remedies with regard to pregnancy discrimination. Defendant additionally asserted that insofar as Plaintiff attempted to rely on the FCRA to bring a pregnancy discrimination claim, the claim should be dismissed because the FCRA does not cover pregnancy discrimination. The Court found Defendant's arguments as to pregnancy-based discrimination to be premature, however, because the first count of the FAC did not mention pregnancy but did sufficiently state a claim of gender-based sex discrimination. Plaintiff was granted leave to amend her complaint so that she could attempt to plead a pregnancy discrimination claim if she wished to do so. (See Order, Doc. 19).

Plaintiff has now filed a three-count Second Amended Complaint ("SAC") (Doc. 20). In the first count, as in the FAC, Plaintiff alleges that Defendant discriminated against her based on her gender in violation of both Title VII and the FCRA when it terminated her employment. In the second count, Plaintiff alleges under both Title VII and the FCRA that Defendant discriminated against her based on pregnancy when it terminated her "[]in direct response to Plaintiff's utilizing her pregnancy benefits." (Doc. 20 at 5). In Count III, Plaintiff brings a claim under the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k),[4] alleging that

---

[4]Congress enacted the Pregnancy Discrimination Act ("PDA") in 1978. The PDA adds a provision to the "Definitions" section of Title VII of the Civil Rights Act of 1964 that reads in part: "The terms 'because of sex' or 'on the basis of sex' include, but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes, including receipt of benefits under fringe benefit programs, as other persons not so affected but similar in their ability or inability to work . . . ." 42 U.S.C. § 2000e(k).

Defendant terminated her "in direct response to Plaintiff's utilizing her pregnancy benefits." Defendant has filed an Answer (Doc. 22) to Count I of the SAC, but Defendant moves to dismiss Counts II and III.

### III. Discussion

In its motion to dismiss, Defendant argues that Counts II and III of the SAC should be dismissed because "utilizing pregnancy benefits" is not a protected characteristic under Title VII or the FCRA; because Plaintiff did not exhaust her administrative remedies with regard to any claim of pregnancy discrimination; and because the FCRA does not cover pregnancy discrimination. These contentions will be addressed in reverse order.

#### A. Pregnancy Discrimination Under the FCRA

Defendant argues that to the extent Plaintiff is bringing a claim of pregnancy discrimination under the FCRA, such a claim is not viable because the FCRA does not cover pregnancy discrimination. Although this issue is unsettled in case law, this Court is constrained to agree with Defendant's position.

In the absence of a ruling from the state's highest court, "[a] federal court applying state law is bound to adhere to decisions of the state's intermediate appellate courts absent some persuasive indication that the state's highest court would decide the issue otherwise." Silverberg v. Paine, Webber, Jackson, & Curtis, Inc., 710 F.2d 678, 690 (11th Cir. 1983). "If the cases are split, the federal court should apply the rule representing the overwhelming weight of authority." U.S. Fire Ins. Co. v. Mikes, 576 F. Supp. 2d 1303, 1315 n.15 (M.D. Fla. 2007).

The Supreme Court of Florida has not addressed this issue. As correctly noted by

Defendant in its motion, in July 2012, Florida's Third District Court of Appeal ruled that the FCRA does not prohibit pregnancy discrimination. See Delva v. Cont'l Grp., Inc., 96 So. 3d 956 (Fla. 3d DCA 2012). In doing so, the Third District Court of Appeal agreed with the First District Court of Appeal and disagreed with the Fourth. See id. at 957-58 (noting the decisions in O'Loughlin v. Pinchback, 579 So. 2d 788 (Fla. 1st DCA 1991),[5] and Carsillo v. City of Lake Worth, 995 So. 2d 1118 (Fla. 4th DCA 2008), and agreeing with O'Loughlin). Florida's other two intermediate appellate courts have apparently not weighed in on this issue,[6] and thus a two-to-one split currently exists.

Two of the three Florida intermediate appellate courts to rule on the issue of pregnancy discrimination have held that the state statute does not cover such discrimination, and this federal court is bound to follow the majority view.[7] Thus, Plaintiff's claim for pregnancy discrimination under the FCRA is not viable.

---

[5] The O'Loughlin court addressed the FCRA's predecessor, the Florida Human Rights Act, rather than the FCRA itself.

[6] In at least one case, however, the Second District Court of Appeal has noted the disagreement among courts and that "the issue of coverage for pregnancy discrimination under the FCRA has not been finally resolved by the Supreme Court of Florida." Carter v. Health Mgmt. Assocs., 989 So. 2d 1258, 1265-66 (Fla. 2d DCA 2008). The court was able to resolve that case on other grounds without weighing in on the issue.

[7] In June 2008—after O'Loughlin but before Carsillo and Delva—the undersigned noted in Boone v. Total Renal Laboratories, Inc., 565 F. Supp. 2d 1323, 1326 (M.D. Fla. 2008), that the O'Loughlin court's ruling of no pregnancy discrimination coverage under the prior state statute was controlling. Carsillo and Delva have since also addressed the issue, and the resulting two-to-one majority is in accord with O'Loughlin. Thus, this Court's ruling today is the same on the question as in Boone.

### B.  Exhaustion of Administrative Remedies

Defendant also contends that Plaintiff did not exhaust her administrative remedies with regard to pregnancy discrimination because Plaintiff did not assert pregnancy discrimination in her EEOC charge.  However, the Court cannot conclude that Plaintiff did not exhaust her administrative remedies.

"A 'plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.'"  Gregory v. Ga. Dep't of Human Res., 355 F.3d 1277, 1280 (11th Cir. 2004) (quoting Alexander v. Fulton Cnty., 207 F.3d 1303, 1332 (11th Cir. 2000)). On Plaintiff's EEOC charge, the box for discrimination based on "sex" is checked; there is no box for "pregnancy," though there is a box for "other."  (Charge of Discrimination, Attach. to Doc. 28).  The narrative section of the charge also discusses sex discrimination but does not specifically mention pregnancy. (Id.).

Nevertheless, the Court cannot find that Plaintiff's pregnancy-based claim is barred based on the content of the charge. Pregnancy discrimination is—by statutory definition—a subset of sex discrimination. See 42 U.S.C. § 2000e(k) (providing that "[t]he terms 'because of sex' or 'on the basis of sex' include, but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions"); cf. Nelson v. Wittern Grp., 140 F. Supp. 2d 1001, 1009 (S.D. Iowa 2001) (finding it "reasonable to conclude that an administrative charge based on pregnancy discrimination can support a later-added judicial charge based on sex discrimination" but not one based on sexual harassment).  Moreover,

Defendant has provided Plaintiff's handwritten EEOC intake questionnaire,[8] on which Plaintiff plainly asserted pregnancy-based discrimination. (Attach. to Doc. 31).[9] In light of the underlying facts of this case—including that Plaintiff was terminated immediately after returning from leave after giving birth—pregnancy discrimination is certainly within "the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination" as required by Gregory. Thus, Plaintiff's pregnancy discrimination claims are not barred for failure to exhaust administrative remedies.

### C.  Pleading of Pregnancy Discrimination

Defendant also argues that Plaintiff has not sufficiently pleaded a claim of pregnancy discrimination under even Title VII and the PDA because "utilizing pregnancy benefits" is not a protected characteristic under those statutes. In Counts II and III of the SAC, Plaintiff does allege—much like she did in Count II of the FAC, which the Court previously dismissed—that Defendant terminated her employment "[i]n direct response to Plaintiff's utilizing her pregnancy benefits," (Doc. 20 at 5 & 6), though this time Plaintiff does not couch the claim in terms of retaliation. Plaintiff maintains in her response to the motion to dismiss that the "allegations in each of her three counts are based on her pregnancy condition," (Doc. 25 at 1), and she notes that it has been held that pregnancy discrimination occurs "when pregnant

---

[8]The Court appreciates the candor of Defendant's counsel in providing the intake questionnaire after receiving it during discovery. The Court does not, however, agree with Defendant's unyielding position regarding failure to exhaust administrative remedies.

[9]Previously in the case, Plaintiff provided a declaration in which she explained that she went to the EEOC without an attorney and that the EEOC investigator typed up the charge for her to sign. (Pl. Decl., Attach. to Doc. 13).

employees are denied privileges afforded non-pregnant temporarily disabled employees," (id. at 2).

Although to some extent Counts II and III of the SAC are a recasting of the retaliation claim that the Court rejected in its prior Order, Plaintiff is correct that pregnancy discrimination occurs where pregnant employees are treated differently than other employees with regard to, for example, using leave or returning from leave. See, e.g., Byrd v. Lakeshore Hosp., 30 F.3d 1380, 1383-84 (11th Cir. 1994) ("[I]t is a violation of the PDA for an employer to deny a pregnant employee the benefits commonly afforded temporarily disabled workers in similar positions, or to discharge a pregnant employee for using those benefits."). The basis of such a claim is the pregnancy of the claimant, and that is the "protected characteristic." In other words, despite perhaps less than artful pleading here, Plaintiff has sufficiently stated a claim for pregnancy discrimination under Title VII as amended and clarified by the PDA. However, the Court discerns only one claim in Counts II and III—not two claims.[10] In sum, this case shall go forward with Count I—a gender discrimination clam under Title VII and the FCRA—and Count III—a pregnancy discrimination claim under Title VII as amended by the PDA. Count II shall be dismissed.

## IV. Conclusion

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** that Defendant's Motion to Dismiss (Doc. 21) is **GRANTED in part** and **DENIED in part**. The motion is

---

[10]As earlier noted, Count II is brought under Title VII and the FCRA, and Count III is brought under the PDA. The Court has already concluded that the pregnancy-based claim is not viable under the FCRA, and the PDA is an amendment to Title VII that clarifies that pregnancy discrimination is within the proscription on sex discrimination.

-8-

**GRANTED** to the extent that it pertains to Plaintiff's claim of pregnancy-based discrimination under the Florida Civil Rights Act and is otherwise **DENIED**.  Count II is dismissed.

**DONE** and **ORDERED** in Orlando, Florida this 11th day of January, 2013.

_____<br>
JOHN ANTOON II<br>
United States District Judge

Copies furnished to:
Counsel of Record